UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:13-CR-00010-SEB-DML-01 |
| ) | |
| STEVEN LAMAR WILLS, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the July 16, 2013, Order entered by United States District Judge Sarah Evans Barker designating the Criminal Duty Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 15, 2013.[1]  Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e).

On July 26, 2013, Steven Lamar Wills ("Wills") appeared before this Court for his initial appearance on the Petition.  Proceedings were held in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[2]  During these proceedings, Wills appeared in person with his appointed counsel, William H. Dazey, Jr.  The government appeared by Joe H. Vaughn,

---

[1] The Petition was actually filed on July 16, 2013.
[2] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

Assistant United States Attorney.  U. S. Parole and Probation appeared by Timothy Hardy,

U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. The Petition alleged the following violations of Wills' supervised release:

| | |
|---|---|
| **1.** | ***"The defendant shall not commit another federal, state or local crime.*** |
| **2.** | ***"The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."*** |
| **3.** | ***"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."*** |

On July 8, 2013, the offender was arrested and charged with Criminal Confinement (felony) and Battery Resulting in Bodily Injury (misdemeanor) in Hamilton County cause number 29D03-1307-FD-005338. Mr. Wills posted bond; there are no court dates set. According to the police report, Mr. Wills was in Cicero, Indiana, on June 21, 2013, with three other individuals. A verbal altercation ensued with another group and Mr. Wills is accused of striking a female victim in the head, then holding her on the ground against her will. Additionally, as this altercation was occurring, others attempted to intervene when a person associated with Mr. Wills pulled out a firearm and shot another victim in the head. Mr. Wills subsequently fled the area in his vehicle. The offender has failed to report this arrest to the probation officer.

| | |
|---|---|
| | ***"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."*** |
| **4.** | On May 11, 2013, Mr. Wills contacted police to report he was a victim of a robbery. According to the incident report, Mr. Wills was at a local liquor store with an unknown female. At some point, a black male approached him and took a necklace. The necklace was described as gold with a round plate the size of a fist, with "Pimp Hard" on it. Mr. Wills valued the necklace at $15,000. The offender failed to report this law enforcement contact to the probation officer. |
| **5.** | ***"The defendant shall obtain his General Equivalency Diploma (GED) or High School Equivalency Diploma (HSED)."*** |

        Mr. Wills has not received his GED or HSED and has made no efforts to obtain any diploma.

**6.**     *"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."*

        The offender has failed to provide any verification of employment since being supervised in the Southern District of Indiana.

**7.**     *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."*

**8.**     *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."*

        Mr. Wills has failed to provide the probation officer an address where he resides. During a June 11, 2013, office visit with the probation officer, Mr. Wills admitted he had not been truthful regarding his living situation. Mr. Wills previously contended he lived with his sister, but admitted he stays with "female friends" on a regular basis. Mr. Wills was instructed to obtain a stable residence and inform the probation officer of the address. He has failed to do so.

2. Wills was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

3. A copy of the Petition was provided to Wills and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

4. Wills was advised of his right to a preliminary hearing and its purpose pertaining to the specified violations of his supervised release alleged in the Petition.

5. Wills was advised of the following in regards to the preliminary hearing:

    a. He would have a right to question witnesses against him at the hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses;

    b. He had the opportunity to appear at the hearing and present evidence on his own behalf; and

    c. That if the hearing resulted in a finding of probable cause that he had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

6. Wills waived his right to a preliminary hearing and executed a written waiver of the preliminary hearing, which was accepted by the Court.

7. The Court set a hearing on Wills' alleged violations of the conditions of his supervised release as alleged in the Petition for August 6, 2013.

8. The Court then addressed whether Wills should be released or detained pending the revocation hearing. The government made an oral motion that Wills be detained. The Court immediately conducted a detention hearing at the conclusion of which it ordered Wills detained.[3]

---

[3] The facts pertaining to the Court's Order that Wills be detained are reflected in the Entry and Order of Detention Pending Hearing on Violations of Supervised Release, dated July 31, 2013. (ECF No. 18)

On August 1, 2013, U.S. Parole and Probation filed a Supplemental Petition for Warrant or Summons for Offender Under Supervision ("Supplemental Petition"). On August 2, 2013, United States District Judge Barker entered an Order designating the Criminal Duty Magistrate Judge to conduct a hearing on the Supplemental Petition. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e).

On August 6, 2013, Wills appeared before this Court for his initial appearance on the Supplemental Petition. Proceedings were again held in accordance with Rule 32.1, Fed.R.Crim.P.[4] During these proceedings, Wills again appeared in person with his appointed counsel, William H. Dazey, Jr. The government again appeared by Joe H. Vaughn, Assistant United States Attorney. U. S. Parole and Probation again appeared by Timothy Hardy, U. S. Parole and Probation officer.

On August 6, 2013, The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

9.  The Supplemental Petition alleged the following violation of Wills' supervised release:

9.  *"The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the supervising probation officer, until such time as he is released from such program by the supervising probation officer. The defendant is to refrain from the use of all alcoholic beverages throughout the period of this supervision. The defendant shall pay the cost of this program as directed by the supervising probation officer."*

On July 19, 2013, Mr. Wills reported to the U.S. Probation Office for an appointment, as

---

[4] All proceedings were again recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

directed by the probation officer. Upon his arrival at the office, Mr. Wills was detained by deputy U.S. Marshals for service of a warrant for violating his terms of supervised release. Mr. Wills was asked by deputies to remove items from his person, such as a belt, cell phone, and currency. Mr. Wills asked if he could call a female waiting for him outside to come and get his belongings. A short time later, the female arrived at the office, escorted by a deputy. Mr. Wills then attempted to pass currency to the female's hand from his pocket. U.S. Probation Officer Mark McCleese observed some type of contraband wrapped inside the currency. The contraband was determined to be a small, two-ounce container labeled as hand sanitizer. The container appeared to be filled with urine for the purpose of tampering with or manipulating the results of his drug test. Mr. Wills was confronted by the probation officer about his purpose for bringing the container of urine to the office. He first denied any wrongful intent but later admitted to the probation officer the purpose was to produce a clean urine specimen.

10. Wills was advised of the nature of the supplemental violation alleged against him and acknowledged receipt of the notice of said allegation.

11. A copy of the Supplemental Petition was provided to Wills and his counsel, who informed the Court that they had read and understood the violation listed in the Supplemental Petition and waived further reading thereof.

12. Wills was advised of his right to a preliminary hearing and its purpose pertaining to the specified violation of his supervised release alleged in the Supplemental Petition.

13. Wills was again advised of his rights that pertained to the preliminary hearing, of which rights he had previously been advised, as set forth in paragraphs 4-5, above.

14. Wills indicated that he understood his rights and orally waived his right to a preliminary hearing, which waiver was accepted by the Court.

15. Wills, through counsel, stipulated that he had committed Violations 3-8, as set forth in the Petition, and Violation 9, as set forth in the Supplemental Petition.

16.     The Court placed Wills under oath and directly inquired of Wills whether he admitted the violations of his supervised release set forth above. Wills stated that he

admitted the violations as set forth above. The government then withdrew violations 1-2 alleged in the Petition.

17. Counsel for the parties further stipulated to the following:

    a. Violations 3-8 in the Petition and Violation 9 in the Supplemental Petition are all Grade C violations, pursuant to U.S.S.G. § 7B1.1(a)(3);

    b. Wills has suffered criminal convictions that yield a criminal history category of IV; and

    c. The advisory term of imprisonment upon revocation of Wills' supervised release is 6-12 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a)(p.s.)

18. The parties agreed that revocation of supervised release with a term of imprisonment of eighteen (18) months, to be followed by eighteen (18) months of supervised release with all previously imposed conditions of supervised release with the additional special condition that Wills serve a period of three months of supervised release on GPS location monitoring was the appropriate disposition of this cause.

19. The Court inquired as to the basis of the upward variance of six (6) months' incarceration, the high end of the advisory range being twelve (12) months' incarceration. The government stated that the variance was warranted because Wills had earned large amounts of income from illegal activities while on supervised release. Wills, through his counsel, did not object to or contest this statement.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** a basis for defendant

Steven Wills' admissions to having violated the conditions of his supervised release described above and **FURTHER FINDS** that the defendant, Steven Wills, violated the above-delineated conditions in the Petition and the condition in the Supplemental Petition.

Mr. Wills' supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months to be followed by eighteen (18) months of supervised release with all previously imposed conditions of supervised release and an additional special condition that he serve the first three (3) months of supervised release on GPS location monitoring.

The Magistrate Judge requests that Timothy Hardy, U. S. Parole and Probation Officer, prepare for submission to United States District Judge Sarah Evans Barker, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. The parties waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Wills' supervised release and imposing a sentence of imprisonment of eighteen (18) months in the custody of the Attorney General or his designee.

Further, upon Mr. Wills' release from confinement, he will be subject to a term of supervised release of eighteen (18) months with the conditions as set forth above.

**IT IS SO RECOMMENDED** this 09/11/2013

Distribution:

Joe H. Vaughn
Assistant United States Attorney
joe.vaughn@usdoj.gov

William H. Dazey, Jr.
Indiana Community Federal Defender
bill_dazey@fd.org

U. S. Parole and Probation
U.S. Marshal

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana