UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0010-SEB-DML-1 |
| | ) | |
| STEVEN LAMAR WILLS, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 4, 2015, and a supplemental petition filed on February 24, 2015 (collectively, "Petition"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on March 15, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 15, 2016, defendant Steven Lamar Wills appeared in person with his appointed counsel, Michael Donahoe.  The government appeared by Tiffany McCormick, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Jason Nutter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Wills of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Wills questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Wills and his counsel, who informed the court they had reviewed the Petition and that Mr. Wills understood the violations alleged. The court summarized the allegations in the Petition, and Mr. Wills waived further reading of the Petition.

3. The court advised Mr. Wills of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Wills was advised of the rights he would have at a preliminary hearing. Mr. Wills stated that he wished to waive his right to a preliminary hearing.

4. Mr. Wills stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Wills executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Wills of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Wills, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, and 4 as set forth in the Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

Steven Wills is considered an absconder. This officer began trying to locate the offender on November 22, 2015. This officer left a voice-mail message directing the offender to report to the probation office for a urine screen on November 23, 2015. He failed to report for that appointment. This officer left nine voice-mail messages directing the offender to contact his officer between November 22 and December 2, 2015, with no response from him. On November 23, 2015, this officer left voice-mail messages with the offender's sister Crystal, and with his Aunt, Susan Seals, with whom he resides, requesting they have the offender contact his probation officer. This officer attempted a home exam to locate the offender on November 24, 2015. This officer left four envelopes at the residence; in the front door, in the garage door, in the mailbox, and on the windshield of a car; directing the offender to report to the office the following day or he would be considered an absconder. The offender failed to report on November 25, 2015. This officer made a last attempt to contact the offender by telephone on December 2, 2015, with no response from him.

This offender has been considered "unavailable" for supervision since his location monitoring condition ended on February 6, 2015. The offender has never been located at his reported residence unless the probation officer directs him to meet for a home exam. On February 17, 2015, the offender stated that since he was no longer on GPS monitoring, "I don't want to be located." During an office visit on March 2, 2015, while discussing this officer's inability to locate the offender at his residence, the offender stated, "I will never answer your call, I will never be home when you come by, you will not find me." The offender states he frequently stays evenings away from his aunt's home, his reported residence, so that he can have sexual relations with hi multiple girlfriends.

| 2 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."** |
|---|---|
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

3

    The offender submitted drug screens which tested positive for marijuana on November 9, 2015, and November 13, 2015. The screen on November 9, 2015, also tested dilute. The offender adamantly denied using marijuana. Both screens were sent to Alere Laboratory and confirmed positive for marijuana. The offender submitted another dilute screen on April 7, 2015.

  4  **"The defendant shall obtain his General Equivalency Diploma (GED) or High School Diploma."**

    The offender has refused to make any effort to obtain his GED.

7. The court placed Mr. Wills under oath and directly inquired of Mr. Wills whether he admitted violations 1, 2, 3, and 4 of his supervised release set forth above. Mr. Wills admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

  (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

  (b) Mr. Clark's criminal history category is IV.

  (c) The range of imprisonment applicable upon revocation of Mr. Wills's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of 12 months with no supervised release to follow for violations 1, 2, 3, and 4. The parties orally moved to hold violations 5, 6, and 7 of the supplemental petition in abeyance pending the resolution of charges pending in Lynwood, Cook County, Illinois. Defendant requested placement close to Atlanta, Georgia.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, STEVEN LAMAR WILLS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised

release to follow. Violations 5, 6, and 7 of the supplemental petition will be held in abeyance pending the resolution of the charges pending in Lynwood, Cook County, Illinois. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court will recommend placement at a facility close to Atlanta, Georgia.

Counsel for the parties and Mr. Wills entered the above stipulations after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Wills's supervised release, imposing a sentence of imprisonment of twelve (12) months, with no supervised release to follow. Violations 5, 6, and 7 of the supplemental petition will be held in abeyance pending the resolution of the charges pending in Lynwood, Cook County, Illinois. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court will recommend placement at a facility close to Atlanta, Georgia.

IT IS SO RECOMMENDED.

Date: March 28, 2016

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal